ALBERT N. WATSON v. ST. PAUL CITY RAILWAY COMPANY.[1]

December 21, 1897.

Nos. 10,695—(175).

**Death by Wrongful Act— G. S. 1894, § 5913 — Husband Not "Next of Kin" of Deceased Wife.**

Under G. S. 1894, § 5913, damages recovered by reason of the wrongful act of a party causing death are for the exclusive benefit of the widow and next of kin. *Held*, that under this section of the statute the husband is not the next of kin of the deceased wife.

Action in the district court for Ramsey county by the administrator of the estate of Lena E. Watson, to recover damages for her death. The complaint alleged that deceased left surviving her next of kin the plaintiff. At the trial defendant objected to the introduction of any evidence as to whether deceased left any children or next of kin other than as alleged in the complaint. By agreement of counsel the case was submitted to the court on the merits, on motion for judgment on the pleadings. Defendant's motion was granted and judgment ordered for defendant, Willis, J. From the judgment entered pursuant to such order, plaintiff appealed. Affirmed.

*F. D. Larrabee,* for appellant.

*Munn & Thygeson,* for respondent.

In order to sustain an action for death by wrongful act it is necessary to show that there is either a widow or next of kin, or both. G. S. 1894, c. 77, § 5913; Western Union v. McGill, 12 U. S. App. 651, and cases cited at page 654; Drake v. Gilmore, 52 N. Y. 389; Dickins v. New York, 23 N. Y. 158; Walker v. Lake, 104 Mich. 606; Charlebois v. Gogebic, 91 Mich. 59; State v. Walford, 11 Ind. App. 392; Stewart v. Terre Haute, 103 Ind. 44; Louisville v. McElwain, 98 Ky. 700; Georgia v. Wynn, 42 Ga. 331; Womack v. Central, 80 Ga. 132; 16 Am. & Eng. Enc. 704.

[1] Reported in 73 N. W. 400.

BUCK, J.

This action was brought to recover damages for the wrongful act of the defendant in causing the death of plaintiff's wife. It is brought under General Statutes of 1894, § 5913, which provides that the damages recovered in such cases shall be for the exclusive benefit of the widow and next of kin, to be distributed to them in the same proportion as the personal property of the deceased. The complaint is based upon the theory that under the statute the husband is the next of kin of his wife, and entitled to receive the damages for his own benefit.

The facts in this case are as follows: About September 4, 1896, the plaintiff's wife was a passenger upon one of the defendant's street cars in the city of St. Paul, and through its negligence she received severe physical injuries, from the effect whereof she died in the month of October following. It does not appear that she left any children, heirs, or next of kin, unless under the statute her husband shall be deemed next of kin.

At common law, no civil action could be maintained for the negligent killing of another, but in case of physical injury to the person, caused by the negligence of another, the party injured might maintain an action therefor; and, in addition to this right of action, one might also accrue to such person as stood in the relation of master, parent or husband, for the recovery of damages for loss of service or society. Tiffany, Death Wrongf. Act, § 1. This appears to have been the law of England until a statute was there enacted in 1846, commonly known as "Lord Campbell's Act," which, with some slight modifications, has served as a model for most similar acts of the different states of this country. The act was entitled "An act for compensating the family of persons killed by accident." See 9 & 10 Vict. c. 93; 27 & 28 Vict. c. 95. The action might there be brought for the benefit of the wife, husband and child. In 1847 the legislature of the state of New York followed the example of England, and granted relief to the families of persons killed by wrongful act, neglect, or default.

Other states (notably Wisconsin and Minnesota) followed the example of England and New York, and placed upon their statutes acts differing considerably in the language in which they are ex-

pressed, but in the main features substantially similar to Lord Campbell's act, except that in the Wisconsin law (Laws 1857, c. 71) it specifically provides that the husband or widow of such deceased person shall be the beneficiary, if such relative survive him or her, but, if no husband or widow survive the deceased, then his or her lineal descendants, or the lineal ancestors in case of default of such descendants, shall be the beneficiaries. We find it in the Minnesota Revised Statutes of 1851, and it has remained unchanged since its enactment, being similar to General Statutes 1894, § 5913.

In 1848 Michigan passed a law (Laws 1848, p. 31) identical with ours, and evidently ours was copied from it. When it first came into existence in this state, our statute did not provide that the surviving husband should inherit any of the property of the deceased wife, as at present; hence the law must be construed with reference to such matter, and the class of persons intended to be the beneficiaries under it, which the legislature had in mind at the time when the husband was in no way constituted by the law of inheritance a beneficiary of the wife's property. As the act is a departure from the common law, the legislature doubtless had this in mind, and provided that the beneficiaries therein should be the widow and next of kin.

Our law is one of statutory origin, and the damages there given are for the exclusive benefit of the particular class therein designated. It will be seen upon examination that it materially enlarges the right of action for personal injuries, because at common law the right of action died with the person who was a party to the action.

But under the statute in question the personal representatives of the deceased may maintain an action if the deceased might have maintained an action while he lived for an injury caused by the same act or omission. Damages are limited to $5,000, and are for the exclusive benefit of the widow and next of kin, and the action must be commenced within two years. Now, as at common law the husband was not the next of kin of the wife, and was not made so by statute when it was enacted, in the distribution of the wife's estate, it evidently was the intention of the legislature to exclude him from being a beneficiary under the law in question.

The widow must have been regarded by the legislature as not of next of kin; otherwise she would not have been expressly designated in connection with the words "next of kin." It would be absurd to contend that the husband is the next of kin to the wife, and that she is not next of kin to him, unless there is something in the context justifying the distinction.

The decisions of the various courts of this country are somewhat conflicting as to whether the husband is next of kin to his wife, under statutes substantially worded as that of ours. Ordinarily the words "next of kin" are limited in legal meaning, as in common use, to blood relations, and do not include a husband or wife, unless accompanied by other words clearly manifesting a purpose to extend their signification. Haraden v. Larrabee, 113 Mass. 430. The words "next of kin" do not legally include the widow. They mean relatives in blood. Murdock v. Ward, 67 N. Y. 387.

Doubtless the words "next of kin" might in some instances, in connection with the context and subject-matter of wills, and in the construction or interpretation of the rights and liabilities of distributees under the statute, include the husband or wife. But we are not dealing with any such question. We are met squarely at the threshold with the proposition that the act in question cannot be construed in connection with any context or subject-matter which will extend its signification beyond the ordinary meaning of the words or phrase "widow and next of kin." As "next of kin" at common law means nearest blood relation, we are not permitted by judicial legislation to fritter away the signification of these words, and do that which the legislature omitted to do. While, in the construction of statutes as well as in that of wills and other instruments, the intention is frequently the controlling consideration, to be gathered from the context and other circumstances which may be legitimately referred to and regarded, the words "widow and next of kin," in the section under consideration stand alone, and unaided by any such circumstances.

It is to be observed that this section of the statute does not provide that the damages shall inure to the benefit of those who would be entitled as distributees of the personal property of the deceased. It regulates the proportion in which the damages recovered shall

be distributed, but the damages themselves are for the exclusive benefit of the widow and next of kin. In other words, the rate of distribution of the personal estate of a deceased person is used as a basis for disposing of the damages recovered in these personal injury cases; but the distributees are not, in terms, all of those who take by inheritance or descent. The compensation for losses sustained by the widow and next of kin goes to them exclusively, but, lest controversies should arise between them over the damages recovered, the legislature has itself fixed the proportion beyond dispute.

The legislature had the power to give the husband a right of action for damages sustained by reason of the wrongful act of another person, resulting in death; but it has not done so in terms, or by reasonable implication. The husband is not one of the class designated in the statute, and, as the right of action is conferred by statute, the specification of one class must be deemed the exclusion of the other. That the husband is not the next of kin, under similar statutes, is held in Dickins v. New York, 23 N. Y. 158, and affirmed in Drake v. Gilmore, 52 N. Y. 389; also, in Western Union v. McGill, 57 Fed. 699. But a decision squarely to the contrary is that of Steel v. Kurtz, 28 Oh. St. 191. And perhaps the case of Chattanooga v. Johnson (Tenn. Sup.) 37 S. W. 558, may be regarded as upholding Steel v. Kurtz.

Our conclusion is that under section 5913, G. S. 1894, the husband is not next of kin of his deceased wife, and that the judgment of the lower court must be affirmed.

So ordered.