HILDEGARDE MARTZ, TRUSTEE FOR NEXT OF KIN OF SHERYL COLLIS, v. JEROME L. REVIER AND OTHERS.

170 N. W. (2d) 83.

July 18, 1969—No. 41262.

*Scallen, Farnes, Evidon & Harder,* for appellant.

*King, MacGregor & Lommen* and *Maurice H. Rieke,* for respondent.

MURPHY, JUSTICE.

This is an appeal from a summary judgment for defendant Curtiss Collis in an action for death by wrongful act instituted by the trustee for Sheryl Collis, deceased, in behalf of her surviving brothers and sister, against her sole surviving parent, defendant Collis, and others. The issue is whether an action brought for the death of a child survived by her father and minor brothers and sister, in which the surviving father is disqualified from recovery because of his negligence in causing the death, fails because the surviving brothers and sister, who allegedly sustained a pecuniary loss, are disqualified because they are deferred beneficiaries under the laws of intestate succession.

After telling us that the deceased child died as a result of injuries received in an automobile accident on June 30, 1966, the stipulation of facts recites:

"That at said time and place, defendant Curtiss Collis was operating his motor vehicle, and that decedent was a passenger in said motor vehicle.

"That Olivia Collis was the mother of Sheryl Collis, the plaintiff-decedent herein, and was killed instantly in said automobile accident of June 30, 1966, and therefore predeceased Sheryl Collis who died some time during the night of June 30, 1966, or July 1, 1966.

"That the decedent was born on March 8, 1952, and is the daughter of defendant Curtiss Collis; that she had surviving her

in addition to her said father, the following brothers and sister:
Scott, born April 5, 1953.
Derek, born September 29, 1955.
Diane, born November 30, 1958.
Gary, born January 15, 1960.
"That the decedent was not married and had no issue.
"That a previous action was commenced in the United States District Court, District of Minnesota, Fourth Division, by reason of the death of Olivia Collis, the deceased wife of Curtiss Collis, and that on September 28, 1967, the verdict was returned in favor of plaintiff and against defendant, Curtiss Collis, and in favor of Jerome L. Revier and Hillemeier Bros., Inc., and said verdict and judgment have not been appealed as respects the question of liability, but have been appealed as respects damages."

In granting summary judgment, the trial court was of the view that the brothers and sister of Sheryl were not next of kin entitled to recover under the death-by-wrongful-act statute, Minn. St. 573.02. Subd. 1 of that statute provides:

"* * * The recovery in such action is such an amount as the jury deems fair and just in reference to the pecuniary loss resulting from such death, shall not exceed $35,000, and shall be for the exclusive benefit of the surviving spouse and next of kin, proportionate to the pecuniary loss severally suffered by the death. The court then determines the proportionate pecuniary loss of the persons entitled to the recovery and orders distribution accordingly."

The trial court agreed with respondent that in order to determine who is to be benefited by § 573.02, that statute must be considered in conjunction with the inheritance statute, § 525.16(4)(c), which states:

"If there be no surviving issue nor spouse, then [the property of the decedent descends] to the father and mother in equal shares, or if but one survive, then to such survivor."

We assume that in applying the foregoing statutes to the stated facts the trial court took the view that the death-by-wrongful-act statute inferentially incorporates provisions of the inheritance statute and concluded that since Sheryl had no issue nor spouse and her father was the only surviving parent, there was no next of kin remaining to qualify for benefits. In other words, because the father is living, the surviving brothers and sister represent a deferred class of beneficiaries under § 525.16(4)(c) and could not be considered next of kin within the meaning of § 573.02.

In preface to the discussion to follow, it may be observed that the authorities hold that a person cannot benefit by recovery if his negligence caused the accident. Mattson v. Minnesota & N. Wis. R. Co. 98 Minn. 296, 108 N. W. 517; Jenson v. Glemaker, 195 Minn. 556, 263 N. W. 624; Mattfeld v. Nester, 226 Minn. 106, 32 N. W. (2d) 291, 3 A. L. R. (2d) 909; Shumway v. Nelson, 259 Minn. 319, 107 N. W. (2d) 531; Hondl v. Chicago G. W. Ry. Co. 249 Minn. 306, 82 N. W. (2d) 245. It may also be observed that the term "next of kin" generally refers to blood relations. McKeown v. Argetsinger, 202 Minn. 595, 279 N. W. 402, 116 A. L. R. 398; Watson v. St. Paul City Ry. Co. 70 Minn. 514, 73 N. W. 400. We take it that the term "next of kin" as used in § 573.02 includes as well a legally adopted child. Minn. St. 259.29; McKeown v. Argetsinger, *supra*. The trustee correctly argues that the death-by-wrongful-act action is given for the benefit of the surviving spouse and next of kin and is intended to provide compensation for pecuniary loss sustained by reason of the death. 5B Dunnell, Dig. (3 ed.) § 2601. It should also be observed that recovery for wrongful death is not a part of the decedent's estate. Masek v. Hedlund, 162 Minn. 291, 202 N. W. 732; Aho v. Republic Iron & Steel Co. 104 Minn. 322, 116 N. W. 590; Shumway v. Nelson, *supra*.

Both parties cite Hondl v. Chicago G. W. Ry. Co. *supra*. There, in a similar fact situation both mother and child died in an accident resulting from the father's contributory negligence. It

should be conceded that there is language in the Hondl case which supports the position of respondent. We there expressed the view that in the action to recover for the wrongful death of the child, there could be no recovery of general damages because of the fact that the father whose negligence caused or contributed to the fatal injury was the next of kin. But it should be observed that the Hondl case arose before the 1955 amendment of § 573.02. Prior to the amendment, so far as here applicable, the statute, Minn. St. 1953, § 573.02, subd. 1, provided:

"* * * The recovery in such action * * * shall be for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them as is personal property of persons dying intestate."

As we have already indicated, the present statute, as amended by L. 1955, c. 407, provides that recovery shall be for pecuniary loss suffered by the surviving spouse and next of kin. It is significant, however, that the former provision relating to distribution of the recovery "as is personal property of persons dying intestate" was deleted, and, in place thereof, the statute provides that recovery should be "proportionate to the pecuniary loss severally suffered by the death" and places upon the court the duty of determining "the proportionate pecuniary loss of the persons entitled to the recovery." It seems to us that the effect of the amendment was to expand and make more flexible the provisions with reference to entitlement so that provable claims for pecuniary loss by blood relatives are no longer governed by degree of kinship.

It may be observed that the authorities are not in accord as to the interrelationship of death-by-wrongful-act statutes and statutes of descent and distribution. There are some authorities which seem to hold that statutes governing rights of intestate succession, which create classes consisting of primary, secondary, or deferred groups, control the disposition of proceeds of recovery in death-by-wrongful-act actions; and that where preferred beneficiaries are precluded from recovery for one reason

or another, that fact does not authorize recovery in favor of deferred beneficiaries. On the other hand there is authority to the effect that, where the preferred beneficiary is disqualified because of absence of pecuniary loss, the action may be maintained for the benefit of persons of a deferred class. These authorities involve statutes having varying designations of beneficiaries and are referred to in 59 A. L. R. 747; 22 Am. Jur. (2d) Death, § 69; 25A C. J. S., Death, § 34(1, 3). In the final analysis, our decision must be controlled by a reasonable interpretation of what the legislature meant when it provided by § 573.02 that the action was given to compensate the surviving spouse and next of kin for pecuniary loss, without reference to degrees of qualification contained in statutes of descent and distribution.

In considering the functional interplay of our inheritance and death-by-wrongful-act statutes, it may be observed that, while both relate to the rights of persons identified in the broad classification of next of kin, they do not serve the same statutory objectives. Inheritance statutes provide for distribution of property to heirs of decedent according to classes in order of succession. The death-by-wrongful-act statute provides for distribution on the basis of pecuniary loss caused by death, an interest which is not part of the decedent's estate.

The respondent argues that the 1955 amendment to § 573.02 did no more than to change the manner in which the recovery should be distributed. It seems to us, however, that the amendment creates a new and significant situation in that it deletes reference to distribution on the basis of intestate succession and gives a right of recovery to next of kin who, because of dependency on the deceased, sustained a pecuniary loss. We do not think it reasonable to assume that the legislature intended that distribution should be governed by the inheritance statute when the beneficiary of a preferred class under that statute might be disqualified to share in the recovery obtained under § 573.02. Nor would it be fair to assume that the legislature intended that a beneficiary in a preferred class under the inheritance statute,

such as a father who had abandoned his family and not contributed to their support, should benefit from the death of a child who was a breadwinner, to the prejudice of other members of the family who were dependent upon her. Nor would it be reasonable to assume that dependent next of kin should be denied recovery because of the mere existence of a preferred beneficiary who had not sustained loss. It seems to us that the controlling considerations are blood relationships within the classification of inheritors and dependency of such persons upon the decedent.

We are persuaded that the issue presented was properly resolved in MacDonald v. Quimby, 350 Mich. 21, 85 N. W. (2d) 157, where the court held that the term "next of kin" is not synonymous with the term "heirs at law" and expressed the view that any member of the statutory "class" from which, in the variant circumstances of succession, the inheritors of the personal estate of one dying intestate must be selected is a rightful beneficiary under the death-by-wrongful-act statute if he or she was in fact a dependent of decedent when death occurred.

The respondent asserts that the MacDonald case is of little value because it deals with different statutes and a different factual situation. While it is true that the death-by-wrongful-act statute and the inheritance statute of Michigan are worded differently from our statutes, the provisions are substantially the same as those of Minnesota, and we can find no material distinctions nor have any been pointed out to us. The Michigan statute construed in the MacDonald case, Mich. Comp. Laws 1948, § 691.582, provided in part:

"* * * That such person or persons entitled to such damages shall be of that class who, by law, would be entitled to inherit the personal property of the deceased had he died intestate. The amount recovered in every such action for pecuniary injury resulting from such death shall be distributed to the surviving spouse and next of kin who suffered such pecuniary injury and in proportion thereto."

In MacDonald, the deceased left a wife and child. They secured distribution of the proceeds of recovery for the wrongful death of the husband and father. During the course of the proceedings, the decedent's dependent mother intervened, and her intervention was disallowed by the lower court. The supreme court reversed and allowed intervention, saying (350 Mich. 32, 85 N. W. [2d] 163):

"The petitioning mother was of a class who would be entitled to inherit the personal property of the deceased had he died intestate. The fact that she would not inherit if he died intestate leaving a wife and children would not eliminate her from that class."

In a concurring opinion, Mr. Justice Black, joined by three other justices, said (350 Mich. 34, 85 N. W. [2d] 164):

"* * * Any 'next of kin,' i.e., blood relative, is a rightful beneficiary in such case provided he or she is shown to have been dependent in fact or law on the decedent when death occurred and is a member of the statutory 'class' from which, in the variant circumstances of succession, the inheritor or inheritors of the personal estate of one dying intestate are selected."

In considering the purpose of the death-by-wrongful-act statute, as it applied to the intervening mother who was an inheritor of a remote class, the Michigan court said that it could not conclude that the legislature intended that one responsible for the wrongful death might be held blameless for the damage the mother would suffer because of the loss of support from her deceased son.

Applying the holding in the Michigan case to the facts before us, the surviving brothers and sister are next of kin in the sense that they are blood relatives and are members of a class from which beneficiaries are chosen under the inheritance statute. Whether or not they have sustained a pecuniary loss by reason of the death of their sister is a fact question which is not before us now.

We accordingly hold that the death-by-wrongful-act statute is not geared to the intestate statute so that the survival of a preferred beneficiary cancels out the rights of dependent next of kin in a deferred class. We are persuaded that this result not only accords with a reasonable interpretation of § 573.02, as amended, but obviates unjust results consequent upon permitting the mere existence of one not entitled to benefits to deprive dependent next of kin of the right of recovery. The judgment should be reversed and the action tried on its merits.

Reversed and remanded.