237 N.W.2d 371 (1975)
In re Appointment of a Trustee for the HEIRS OF Judith Ann LARSEN, Decedent.
Kenith Curtis LARSEN, as Father and Natural Guardian of Jon Michael Larsen, a Minor, and Kimberly Gaye Larsen, a Minor, Heirs of Judith Ann Larsen, Deceased, Appellant,
v.
Margaret HENGEL, Trustee, Respondent.
No. 45440.
Supreme Court of Minnesota.
December 19, 1975.
*372 Donovan D. Larson, Minneapolis, for appellant.
Sahr, Kunert, Tambornino & Soshnik, Roger T. Sahr and Paul Kunert, Minneapolis, for respondent.
Heard before PETERSON, KELLY and MacLAUGHLIN, JJ., and considered and decided by the court en banc.
*373 MacLAUGHLIN, Justice.
Appellant, the divorced father of decedent's children, challenges the appointment of respondent, decedent's mother, to act as trustee to maintain a wrongful death action on behalf of decedent's next of kin. Appellant appeals from an order denying his motions to quash respondent's appointment, to dismiss the action brought by respondent, and to appoint appellant's father as trustee. We affirm.
On July 13, 1974, decedent, Judith Ann Larsen, was riding as a passenger on a motorcycle operated by her former husband, appellant, Kenith Curtis Larsen. The motorcycle was struck from the rear by a car operated by Susan M. Schwappach and owned by her father, Roy A. Schwappach. Judith Ann Larsen was killed, and appellant was hospitalized as a result of the collision. Decedent was survived by her two minor children (Jon, age 9, and Kimberly, age 5) and by her mother, respondent, Margaret Hengel. Prior to her death, decedent had custody of the two children. Since decedent's death, appellant has assumed custody of the children.
On July 15, 1974, decedent's mother, the respondent, petitioned the Hennepin County District Court for her appointment as trustee to maintain a wrongful death action on behalf of decedent's next of kin. In the petition respondent listed herself and the two children as the only heirs of decedent, but only respondent waived notice of hearing on the petition. Judge Eugene Minenko considered the petition and ordered the appointment of respondent as trustee. After being appointed trustee, respondent initiated a wrongful death action against appellant and Roy Schwappach, but not against Susan Schwappach. Appellant sought to quash the appointment of respondent, dismiss respondent's action, and have his father appointed as trustee.[1] After hearing arguments on appellant's motion, Judge David R. Leslie concluded that it would be inappropriate to review a matter previously heard before another judge of the same court and therefore denied appellant's motion without prejudice to his right to have it reconsidered by Judge Minenko. Appellant then filed an affidavit of prejudice against Judge Minenko, and on August 22, 1974, appellant's motion was argued before Judge Allen Oleisky. On September 10, 1974, Judge Oleisky entered an order denying appellant's motion in all respects, and this appeal followed.
The issues are (1) whether appellant had a superior right to petition for the appointment of a trustee, (2) whether the appointment of decedent's mother as trustee is invalid because no notice of a hearing on the petition was given to appellant as the father and natural guardian of decedent's children, and (3) whether decedent's mother is a suitable and competent trustee to maintain the wrongful death action.
1. Appellant claims that as the natural father of decedent's children, even though divorced from their mother, he has a superior right, as contrasted to decedent's mother, to petition the district court for appointment of a trustee to maintain a wrongful death action. Minn.St. 573.02, subd. 3, governs the appointment of a trustee in a wrongful death action:
"Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action [for death by wrongful act] shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing his duties shall file his consent and oath. Before the trustee shall receive any money, he shall file a bond as security therefor in such form and with such sureties as the court may require." (Italics supplied.)
*374 It is appellant's contention that decedent's only next of kin are her minor children; that as father and natural guardian of the children he has the right to take legal action on their behalf; and that, therefore, he had the preferential right to petition the district court on behalf of the children for the appointment of a trustee. Implicit in this argument is the assumption that the term "next of kin" refers only to decedent's heirs at law, and that since clause (4) of Minn.St. 525.16, our intestate succession statute, grants decedent's children an exclusive right to intestate property as against decedent's mother the children must have a superior right to petition for the appointment of a trustee.
However, it is clear that the term "next of kin," as used in the death-by-wrongful-act statute, is not synonymous with the term "heirs at law." Prior to 1955, the Minnesota death-by-wrongful-act statute, Minn.St.1953, § 573.02, subd. 1, provided that any recovery in such action was "for the exclusive benefit of the surviving spouse and next of kin, to be distributed to them as is personal property of persons dying intestate." In 1955, this statute was amended to provide that recovery should be "proportionate to the pecuniary loss severally suffered by the death." L.1955, c. 407. In Martz v. Revier, 284 Minn. 166, 170, 170 N.W.2d 83, 86 (1969), we stated that the effect of this amendment "was to expand and make more flexible the provisions with reference to entitlement so that provable claims for pecuniary loss by blood relatives are no longer governed by degree of kinship." We went on to hold in Martz, 284 Minn. 174, 170 N.W.2d 87:
"* * * [T]he death-by-wrongful-act statute is not geared to the intestate statute so that the survival of a preferred beneficiary cancels out the rights of dependent next of kin in a deferred class."
While the Martz case interpreted the term "next of kin," as used in § 573.02, subd. 1, we perceive no basis or justification for applying a different definition for the term when it is used in subd. 3 of the same statute. Therefore, since decedent's mother is included within the class "next of kin," and since the statute provides no preferences among next of kin, she had an equal right to petition the district court for appointment of a trustee.
2. Appellant next contends that the trial court should have refrained from acting upon the petition until appellant, as father and natural guardian of the children, had notice of a hearing on the question of whether respondent should be appointed trustee. Rule 2, Code of Rules for District Courts, provides in part:
"The petition will be heard upon such notice, given in such form and in such manner and upon such persons as may be determined by the court, unless waived by all heirs or the court."
This rule requires notice only to "such persons as may be determined by the court." Judge Minenko, who was apprised in respondent's petition of all of the heirs, required only that respondent waive notice before he ordered respondent's appointment as trustee. The rule specifically allows the court discretion to make a determination as to which persons should be given notice. While we believe the better practice would be to require notice to the natural parent of minor children, we find no abuse of the trial court's discretion, particularly when appellant has subsequently had ample opportunity to present his views to Judge Oleisky.
3. Appellant contends that respondent is not a "suitable and competent person" to maintain a wrongful death action on behalf of decedent's next of kin. In support of this claim, appellant relies principally upon respondent's method of conducting the lawsuit, including the fact that respondent failed to name Susan Schwappach, the driver of the car, as a defendant. While ordinarily it is proper practice to name the driver of an involved automobile as a defendant, we note that respondent has named as a defendant the owner of the car, who appears to be the only financially responsible *375 person in the case. The reasons for the omission of Susan as a defendant do not appear in the record, but we do not regard the failure to name her as a defendant as sufficient to support a charge that respondent is not a suitable trustee.
Appellant further claims that respondent disregarded the best interests of the children by naming him as a defendant in the lawsuit. Appellant states that he was not at fault in the accident, that he did not have the benefit of liability insurance coverage at the time and would not otherwise be able to respond in damages, and that naming him as a defendant was damaging to his relationship with the children. However, appellant was the driver of the motorcycle on which decedent was a passenger at the time of the accident and thus would ordinarily be an appropriate party defendant. After investigating the underlying facts, respondent dismissed appellant as a party. Moreover, we have previously rejected the old common-law belief that interfamily lawsuits are necessarily destructive of family relationships. Silesky v. Kelman, 281 Minn. 431, 161 N.W.2d 631 (1968). Thus, initially naming appellant as a defendant in the lawsuit did not disregard the best interests of the children and does not indicate that respondent is unsuited to maintain a wrongful death action on behalf of decedent's next of kin.
We have considered other arguments raised by appellant and find them to be without merit.
Affirmed.
NOTES
[1] Subsequent to the hearing on the motion, respondent dismissed appellant as a defendant in the suit.