Andy L. **BOND**, as Trustee for the heirs and next of kin of Dane Swenson, Decedent, Respondent,

v.

Thomas **ROOS** and Diane Roos, Respondents,

Janice Lynn Swenson, Appellant,

Daniel F. Swenson, Respondent,

County of Scott, Respondent,

State of Minnesota, Respondent.

No. C5–82–242.

Supreme Court of Minnesota.

Dec. 7, 1984.

Richard H. Knutson, St. Paul, for appellant.

Paul H. Hauge, Eagan, for Swenson.

Robert Scheifelbein, Minneapolis, for Roos.

John Varpness, Minneapolis, for Scott County.

James Alfeby, St. Paul, for State.

Eckman, Strandness & Egan, P.A., Mn Trial Lawyers Assoc., for amicus curiae.

KELLEY, Justice.

The trial court, in ruling on a petition to approve distribution of a settlement of a death claim arising out of a motor vehicle accident, refused to allocate to the deceased child's mother any of the net settlement proceeds although there had been neither a judicial determination nor admission of fault. The trial court concluded that public policy prohibited her from benefiting from her own negligent wrongdoing. We reverse.

Dane Swenson, an infant, was killed in an automobile accident when an automobile driven by his mother, appellant Janice Lynn Swenson, collided with a vehicle driven by Diane Roos. Appellant was crossing Highway 169 from County Road 9 in Scott County when her vehicle was struck broadside by the Roos vehicle. At the time of the accident, Janice Swenson was separated from her husband, Daniel F. Swenson, and the two have since been divorced. Dane left surviving him as next of kin his parents and a sister. A trustee appointed pursuant to Minn.Stat. § 573.02, subd. 3 (1982) presented to the county court a petition for approval of distribution of a settlement which had been made with the insurers of the Roos and Swenson vehicles. Although there was pending a dissolution action between Janice and Daniel, they had agreed that the net settlement proceeds would be distributed one-third to Daniel Swenson, one-third to Lindsey E. Swenson, the surviving sister, and one-third to Janice Swenson. Notwithstanding the agreement, the trial court refused distribution of any of the settlement proceeds to Janice, holding that any distribution would be contrary to the public policy that a person should not be permitted to benefit by her own wrongdoing. The trial court relied on *Hondl v. Chicago Great Western Railway Co.*, 249 Minn. 306, 82 N.W.2d 245 (1957), and *Martz v. Revier*, 284 Minn. 166, 170 N.W.2d 83 (1969).

The role of the court in the distribution of the amount of recovery in a wrongful death action is to determine the proportionate pecuniary loss of the persons entitled to recovery and order distribution accordingly. Minn.Stat. § 573.02, subd. 1 (Supp. 1983). The same subdivision provides that the recovery shall be "for the exclusive benefit of the surviving spouse and next of kin * * *." *Id.* Rule 2, Code of Rules for the District Courts, provides that after a determination of the amount of recovery in a wrongful death action and a petition for distribution, "[t]he court by order, or by decree of distribution, will direct distribution of the money to the persons entitled thereto by law." Construing the statute and the rule together, appellant Janice Swenson, as next of kin to Dane Swenson, was entitled by the statute to a share of the proceeds of the wrongful death action unless there is something else in the law that would preclude any recovery by her.

The trial judge found that Janice Swenson was negligent by not maintaining a proper lookout and by not yielding the right-of-way to the Roos vehicle and that her negligence was the sole direct cause of the collision that resulted in Dane's death. If those findings are sustained by the record, appellant is not entitled to a share of the settlement proceeds. However, in both the *Martz* and *Hondl* cases, there were trials on the issues of negligence and causation. In both there were verdicts establishing causal negligence of the next of kin. In this case there was no trial; no verdict holding Janice Swenson completely responsible for the accident; nor any admission of causal fault by her. In this proceeding the record fails to disclose any competent evidence that Janice Swenson was causally negligent. The trial court's findings are based solely upon a statement by the trustee's attorney that Janice Swenson was negligent, at least in part, and a statement of Daniel Swenson, who was not a witness to the collision, that his wife, "proceeded into the flow of traffic and was hit broadside by a car." There is nothing in this record to show the trial judge was fully apprised of the circumstances of the accident. *Martz* and *Hondl* hold that where a next of kin has been adjudicated to be at fault after a proceeding to determine

that issue, that person is not legally entitled to recover. But where, as here, there was never any hearing, except the distribution hearing, and there was no motion for summary judgment on the issues of negligence and causation, the trial court went beyond its statutory authority by holding that appellant was not entitled to any of the settlement proceeds.

■ Under section 573.02, subd. 1, the trial judge has authority to determine the "proportionate pecuniary loss of the persons entitled to the recovery." Minn.Stat. § 573.02, subd. 1 (Supp.1983). Of course, the trial judge need not accept a stipulation that provides ultimate distribution of the proceeds to the next of kin and is free to make independent findings of how the proceeds should be distributed proportionally according to the pecuniary loss of the survivors. However, the trial judge does not have authority to find one of the next of kin is barred from any distribution because the death was caused by that person unless the person has admitted that causal fact, or there has been a determination of fault in a judicial proceeding, or unless the interested next of kin stipulate that at the distribution hearing the trial court can find the liability facts. In this case, none of these events occurred.

■ The sole ground the trial court articulated for denial of appellant's participation in the settlement proceeds was its finding that she was solely causally negligent. The trial court did not otherwise deny her participation because she did not sustain pecuniary loss. From the record, it appears as a matter of law that appellant's pecuniary loss as the result of Dane's death was at least as great as that of her daughter and husband. Accordingly, we reverse and direct the trial court to enter an order of distribution on a one-third each basis.

Reversed.

SIMONETT, Justice (concurring specially).

I concur in the majority opinion with these added comments. Where one of the next-of-kin beneficiaries is also the tortfeasor, there may be instances when the amount of the negotiated death settlement has been substantially discounted for that tortfeasor's fault. While the trial court does not decide fault issues in an application for distribution of the settlement, it does seem to me there may be occasions where the trial court would consider whether such a discount occurred and, if so, its effect on the fairness of the settlement distribution.

No such discount was asserted here. Even if such a claim had been made, it appears that Mrs. Swenson, the mother and apparently the custodial parent, has likely sustained the greatest pecuniary loss, a loss that more than offsets any discount for her fault. The trustee and family members have agreed on an equal share distribution, and no evidence was presented to show this proposal was unfair. So many different factors go into a negotiated settlement that it is risky to give much weight ordinarily to any discount for fault. Certainly none need be given here. Allocating pecuniary worth shares within a family circle where one is dealing with such intangible intimacies as comfort, companionship and counsel is, at best, imprecise, and one must rely on rough approximations and basic fairness.