In the Matter of the LIQUIDATION OF NATIONAL FAMILY INSURANCE CORPORATION.

No. C3–99–1303.

Court of Appeals of Minnesota.

Dec. 28, 1999.

Mark J. Peschel, Jenell M. Matthews, Johnson & Lindberg, P.A., Minneapolis, MN (for appellant Farmers Alliance Mutual Insurance Company).

Ken D. Schueler, Dunlap & Seeger, P.A., Rochester, MN; and Peter D. Lahn, Grinnell Mutual Reinsurance Company, Grinnell, IA (for appellant Grinnell Mutual Reinsurance Company).

Thomas I. Hara, Minneapolis, MN (for respondent Special Deputy Liquidators).

Considered and decided by SCHUMACHER, Presiding Judge, G. BARRY ANDERSON, Judge, and MULALLY,* Judge.

## OPINION

SCHUMACHER, Judge.

On November 18, 1996, National Family Insurance Corporation (NFIC) was placed in liquidation. Appellants Farmers Alliance Mutual Insurance Company and Grinnell Mutual Reinsurance Company filed proofs of claim with respondent Special Deputy Liquidators (NFIC's liquidators) based on subrogation claims they had against NFIC policyholders. After NFIC's liquidators classified the priority of the claims, the insurance companies objected. NFIC's liquidators moved the district court to deny the insurers' objections; the district court did so. We reverse.

## FACTS

On March 27, 1994, Gray Hayes was involved in a one-vehicle accident. His passenger, Judith McCarthy, was killed. McCarthy's estate sued Hayes, and Hayes' insurer NFIC agreed to settle the case for Hayes' policy limit of $30,000.

McCarthy had an underinsured motorist policy with Farmers Alliance, and McCar-

thy's estate informed Farmers Alliance it would pursue an underinsured motorist claim. To protect its subrogation rights against Hayes, Farmers Alliance substituted its $30,000 check for NFIC's. Farmers Alliance sued Hayes in subrogation, settling the claim against Hayes with NFIC for the $30,000 policy limit. NFIC tendered Farmers Alliance a $30,000 check on February 26, 1996. Farmers Alliance released Hayes and NFIC from all claims on December 5, 1996, and presented the check for payment on December 19, 1996. But on November 18, 1996, NFIC had been placed in liquidation and its bank account closed, and therefore the bank refused to honor the check. Farmers Alliance filed a proof of claim in NFIC's liquidation for the $30,000. The liquidators classified the claim under Minn.Stat. § 60B.44, subd. 6 (1998), and Farmers Alliance objected, contending that the claim should have been classified under subdivision 4 of the statute.

On November 26, 1993, a truck owned by Loren Yurek Milk Transfer was involved in an accident with William Cameron and Bruce Pederson. NFIC, which insured Pederson, sued Loren Yurek Milk Transfer and the other parties involved in the accident in subrogation, attempting to recover property damage payments it had made; Grinnell counterclaimed on behalf of Loren Yurek Milk Transfer for the damage to its vehicle. By consent of the parties, the matter was referred to binding arbitration, and the arbitrator ruled that NFIC was not entitled to recovery against Loren Yurek Milk Transfer, but Loren Yurek Milk Transfer was entitled to recovery of $8,451.37 from NFIC. Grinnell filed a claim for this amount against NFIC's liquidators, who classified the claim under subdivision 6 of Minn.Stat. § 60B.44. Grinnell objected to that classification, contending that its claim should have been classified under subdivision 4.

---

* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

## ISSUE

Did the district court err by classifying Farmers Alliance's and Grinnell's claims under subdivision 6 of Minn.Stat. § 60B.44, instead of subdivision 4?

## ANALYSIS

■ This case presents a statutory interpretation issue of first impression. We review questions of statutory interpretation de novo. *State by Beaulieu v. RSJ, Inc.*, 552 N.W.2d 695, 701 (Minn.1996). The statute involved is Minn.Stat. § 60B.44, which provides the priority in which claims against a liquidated insurer will be paid. We must interpret subdivision 4, which provides for payment of "loss claims," defined as follows:

> All claims under policies or contracts of coverage for losses incurred including third party claims, and all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are not under policies or contracts. All claims under life insurance and annuity policies, whether for death proceeds, annuity proceeds, or investment values, shall be treated as loss claims. * * * Claims not covered by a guaranty association are loss claims.

Minn.Stat. 60B.44, subd. 4. (1998).

Farmers Alliance and Grinnell assert claims based on subrogation; each company paid out money to cover a loss, then sought to recover the money from the person that caused the loss. In both cases, the person who caused the (respective) loss was insured by NFIC, resulting in the eventual claims against NFIC's liquidators.

Farmers Alliance and Grinnel contend that their claims qualify as "loss claims" according to the plain language of section 60B.44 in two ways: (1) that their claims are "claims under policies or contracts of coverage for losses incurred including third party claims," and (2) that because "[c]laims not covered by a guaranty association are loss claims," their subrogation claims, which are undisputedly not covered by Minnesota's guaranty fund, are therefore loss claims. Because we decide the case on the second contention, we need not consider the first.

It is undisputed that the insurers' subrogation claims against NFIC are not covered claims under Minnesota's insurance guaranty association statutes:

> In addition to subdivision 1, a covered claim does not include:
>
> * * * *
>
> (2) claims due a reinsurer, insurer, insurance pool, or underwriting association, as subrogation recoveries, reinsurance recoveries, contribution, indemnification, or otherwise. This clause does not prevent a person from presenting the excluded claim to the insolvent insurer or its liquidator * * *.

Minn.Stat. § 60C.09, subd. 2 (1998).[1]

NFIC's liquidators contend that

> the "claims not covered by a guaranty association" language was intended by the legislature to make clear that a "loss claim" under a NFIC policy will, if not "covered" by MIGA, become a subdivision 4 claim against the estate.

But NFIC's liquidators' explanation is circular: it *presupposes* the existence of a loss claim, thus assuming away the issue that the sentence was intended to decide.

■ The disputed sentence is a definition: it defines "claims not covered by a guaranty association" as loss claims. It is clear and unambiguous, and when "statutory language is plain and unambiguous, the court must give it its plain meaning." *Wynkoop v. Carpenter*, 574 N.W.2d 422, 425 (Minn.1998). Farmers Alliance's and Grinnell's claims are undisputedly not covered by the guaranty association; as a result, they are loss claims under subdivision 4.

1. Neither party argues that any other guaran-    ty association might cover the claims.

NFIC's liquidators contend that public policy supports restricting subdivision 4 claims to "first and third party claimants under NFIC policies." But the legislature has impliedly rejected this suggestion by expressly allowing "all claims against the insurer for liability for bodily injury or for injury to or destruction of tangible property which are *not* under policies or contracts" to qualify as subdivision 4 loss claims. Minn.Stat. § 60B.44, subd. 4 (emphasis added). Nothing in subdivision 4 suggests that subrogation claims by insurance companies are categorically prohibited from being classified as loss claims, and we may not read into the statute such a limitation. *State v. Moseng*, 254 Minn. 263, 269, 95 N.W.2d 6, 11–12 (Minn.1959) ("[C]ourts are not free to substitute amendment for construction and thereby supply the omissions of the legislature.").

■ NFIC's liquidators also briefly suggest that Farmers Alliance's failure to negotiate the check from NFIC for about ten months bars its claim, either because of laches or because the debt possibly could be recovered from a negligent attorney. But NFIC's liquidators neither explain these arguments in any detail nor support them with citation to authority. Under these circumstances, we decline to address these unsupported assertions. *See Ganguli v. University of Minnesota*, 512 N.W.2d 918, 919 n. 1 (Minn.App.1994) (allegations unsupported by analysis or citation will not be addressed).

### DECISION

Farmers Alliance's and Grinnel's claims qualify as loss claims under subdivision 4 because they are not covered by the guaranty association.

**Reversed.**