*This opinion is nonprecedential except as provided by*
*Minn. R. Civ. App. P. 136.01, subd. 1(c).*

**STATE OF MINNESOTA**
**IN COURT OF APPEALS**
**A23-0805**

Joan Przybilla, as Trustee, for Next of Kin of Rose Kramer,
Respondent,

vs.

Vista Prairie at River Heights, LLC, et al.,
Appellants.

**Filed March 25, 2024**
**Affirmed**
**Worke, Judge**

Dakota County District Court
File No. 19HA-CV-22-3428

Suzanne M. Scheller, Scheller Legal Solutions LLC, Champlin, Minnesota; and

Kenneth L. LaBore, Guardian Legal Services LLC, Edina, Minnesota (for respondent)

William L. Davidson, Ryan C. Ellis, Lind, Jensen, Sullivan & Peterson, P.A., Minneapolis,
Minnesota (for appellants)

Considered and decided by Worke, Presiding Judge; Frisch, Judge; and Smith,

John P., Judge.[*]

_____

[*] Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to
Minn. Const. art. VI, § 10.

**WORKE**, Judge

Appellants challenge the district court's denial of their motion to dismiss for lack of subject-matter jurisdiction over a wrongful-death lawsuit. We affirm.

## FACTS

Rose Kramer resided in the memory-care unit at appellant Vista Prairie at River Heights, LLC (Vista Prairie). In July 2019, Kramer fell and suffered injuries. She died on October 30, 2019, with the alleged cause of death being complications from her fall.

In 2021, Kramer's stepdaughter, respondent Joan Przybilla, as Trustee, for Next of Kin of Rose Kramer, petitioned to be appointed trustee for Kramer's next of kin. The petition alleged that Kramer had: (1) no surviving children or siblings; (2) five stepchildren, including Przybilla, and (3) two granddaughters. Przybilla signed the petition in her capacity as Kramer's stepdaughter. Attached to the petition were five consents to Przybilla's appointment as trustee, including consents from both the granddaughters.

Following a hearing that both Przybilla and one of the granddaughters attended, the district court signed an order appointing Przybilla as trustee.

In September 2022, Przybilla, in her capacity as trustee of Kramer's estate, commenced a wrongful-death action against Vista Prairie and others alleging medical malpractice and negligent supervision.

Vista Prairie moved to dismiss the complaint, arguing that the district court lacked subject-matter jurisdiction. Vista Prairie argued that Przybilla was not properly appointed as trustee because, as a stepchild, she was not next of kin and could not bring a petition to

appoint herself as trustee. As a result, Vista Prairie contended that the district court lacked subject-matter jurisdiction over the complaint.

On February 24, 2023, the district court denied Vista Prairie's motion to dismiss. It reasoned that to dismiss Przybilla's case because one of the granddaughters signed a consent instead of the petition itself would be to put "form over substance." Thus, the district court concluded that it had acted within its discretion to grant Przybilla's petition rather than making her refile because the granddaughters and other next of kin signed consents to the appointment and one of the granddaughters was present at the hearing.

This appeal followed.

## DECISION

Vista Prairie argues that the district court erred by denying the motion to dismiss for lack of subject-matter jurisdiction. Subject-matter jurisdiction is a question of law that we review de novo. *Ariola v. City of Stillwater*, 889 N.W.2d 340, 348 (Minn. App. 2017), *rev. denied* (Minn. Apr. 18, 2017).

Wrongful-death claims are "purely statutory, as common law recognized no such actions on the theory that a claim for personal injuries died with the victim." *Ortiz v. Gavenda*, 590 N.W.2d 119, 121 (Minn. 1999). In Minnesota, actions for wrongful death are prohibited by Minn. Stat. § 573.01 (2022) except as provided for in Minn. Stat. § 573.02 (2022):

> Subdivision 1. Death action. When death is caused by the wrongful act or omission of any person or corporation, the trustee appointed as provided in subdivision 3 may maintain an action therefor if the decedent might have maintained an

3

action, had the decedent lived, for an injury caused by the wrongful act or omission.

. . . .

Subd. 3. Trustee for action. Upon written petition by the surviving spouse or one of the next of kin, the court having jurisdiction of an action falling within the provisions of subdivisions 1 or 2, shall appoint a suitable and competent person as trustee to commence or continue such action and obtain recovery of damages therein. The trustee, before commencing duties shall file a consent and oath. Before receiving any money, the trustee shall file a bond as security therefor in such form and with such sureties as the court may require.

Minn. Stat. § 573.02.

For the purpose of the wrongful-death statute, "next of kin" means blood relatives who are members of the class from which beneficiaries are chosen under Minn. Stat. § 524.2-103 (2022), the intestacy statute. *See Wynkoop v. Carpenter*, 574 N.W.2d 422, 423 (Minn. 1998). Blood relatives necessarily exclude stepchildren. But while we agree that Przybilla, as Kramer's stepdaughter, was not Kramer's next of kin, we disagree that she failed to comply with the statute.

The statute requires that a written petition for trustee be brought by the decedent's next of kin. *See* Minn. Stat. § 573.02, subd. 3. Beyond requiring a writing, the statute provides no other parameters for what may be considered a "petition" for appointment of a trustee. Przybilla, who is not Kramer's next of kin, brought a petition to have herself appointed as trustee. But attached to the petition were consents from two of Kramer's next of kin, the granddaughters. Through these written consents, the granddaughters effectively petitioned in writing for Przybilla's appointment. Further, one of the granddaughters attended the hearing with Przybilla. At the hearing, the district court evaluated the petition

4

and exercised its discretion to appoint Przybilla. *See Regie*, 399 N.W.2d at 89. Vista Prairie does not challenge the district court's factual findings or make arguments about the statutory language requiring a petition. In these specific circumstances, there is little doubt that Kramer's next of kin knowingly approved the petition to appoint Przybilla as trustee. Thus, we conclude, based on the specific facts and circumstances of this case, that the district court did not err by denying the motion to dismiss.[1]

**Affirmed.**

---

[1] Because we conclude that the district court did not err by denying Vista Prairie's motion to dismiss, we need not consider its alternative arguments regarding the amended complaint.