**Dawn M. WYNKOOP, Trustee for the heirs of the Estate of Ian L. Wynkoop, Appellants,**

v.

**Ida L. CARPENTER, individually, and as guardian and natural mother of Laurie J. Carpenter, Respondents.**

No. C7–96–1497.

Court of Appeals of Minnesota.

Feb. 11, 1997.

1. *See* Michael K. Steenson, 1 *Minnesota No-* *Fault Automobile Insurance,* 127–28 (1996).

Michael D. Doshan, Fredric A. Bremseth, Thomas W. Geng, Doshan & Bremseth, Wayzata, for Appellants.

Eric J. Strobel, Thomas E. Peterson, Peterson & Hektner, Ltd., Minneapolis, for Respondents.

Considered and decided by NORTON, P.J., and HUSPENI and FOLEY, JJ.

## OPINION

DANIEL F. FOLEY, Judge.*

The district court erroneously ruled that a deceased minor's surviving sibling could not recover under the wrongful death statute, because the decedent was survived by both of his parents. As a result of this ruling, the jury did not consider the surviving sibling's pecuniary loss and returned a special verdict awarding damages only to the parents. We vacate the judgment of the district court and remand for a new trial on the issue of damages to the decedent's parents and sibling.

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.    art. VI, § 10.

## FACTS

Ian Wynkoop was a passenger in a car driven by 16–year–old Laurie Carpenter. Ian was killed when Laurie lost control of the vehicle and it crashed. The vehicle was owned by Laurie's mother, Ida Carpenter. Dawn Wynkoop, Ian's mother, was appointed trustee and initiated a wrongful death suit against Laurie's parents, John and Ida Carpenter.

During trial, the district court ruled that Shane, Ian's brother, was not eligible to recover damages for Ian's death because he was not "next of kin" within the meaning of Minn.Stat. § 573.02, subd. 1 (1996), Minnesota's wrongful death statute. As a result, his name did not appear on the special verdict form submitted to the jury. The jury awarded the Wynkoops $150,000 for pecuniary loss. The Wynkoops then filed a motion for a new trial, arguing that the district court erred by not allowing the jury to consider the issue of Shane's damages.

The district court denied Wynkoop's motion, stating that the statute authorizes the court to determine who is "next of kin" from among the blood relatives based on the particular circumstances of the case. Because Ian's parents both survived him, the district court found that they, and no one else, were Ian's "next of kin." This appeal followed.

## ISSUE

Did the district court err in ruling that Shane Wynkoop was not "next of kin" to his deceased brother Ian, precluding him from recovery under the wrongful death statute?

## ANALYSIS

The district court excluded testimony regarding Shane Wynkoop's pecuniary loss due to his brother's death because the court interpreted the words "next of kin" in the wrongful death statute to limit recovery to Ian's parents. In an in-camera session, the court stated:

The Court * * * has found that the next of kin under the fact situation of this case are the mother and father, unless they are disqualified for some reason. Then it would go down to the brother * * *.

The inescapable conclusion we must draw from this language is that the district court erroneously applied the law of intestate succession to recovery under the wrongful death statute. *Compare* Minn.Stat. § 524.2–103(2) (1996) (if decedent has no surviving descendant, entire intestate estate passes to decedent's surviving parents), *with* Minn.Stat. § 573.02, subd. 1 (1996) (recovery under wrongful death statute is for exclusive benefit of surviving spouse and next of kin); *see also Martz v. Revier*, 284 Minn. 166, 174, 170 N.W.2d 83, 87 (1969) (wrongful death statute not geared to intestate succession statute under which survival of preferred beneficiary cancels out rights of dependent next of kin in deferred class).

▬▬▬ The wrongful death statute, which at one time required distribution of damage awards in accordance with the intestate succession statute, was amended in 1955 to delete references to intestate succession. Since then, the intestate succession statute no longer controls the definitions of "beneficiary" or "next of kin" under the wrongful death statute. 4 *Minnesota Practice*, CIVJIG 180.[1] The 1955 amendment "expand[ed] and ma[de] more flexible" the provisions of the statute with reference to entitlement because provable claims for pecuniary loss by blood relatives would no longer be governed by degree of kinship. *Martz*, 284 Minn. at 170, 170 N.W.2d at 86; *see also In re Larsen's Heirs*, 306 Minn. 364, 367–68, 237 N.W.2d 371, 374 (1975) (allowing decedent's mother to pursue wrongful death action and rejecting argument that decedent's only "next of kin" were her children). Now, any blood relative of the decedent who suffers compensable damage by reason of the death may recover under the wrongful death statute. 4 *Minnesota Practice*, CIVJIG 180 (citing *Martz* ).

1. The late Judge Arnold Hatfield, Third Judicial District, in a commentary, *Distribution of Funds Recovered in a Wrongful Death Action*, Bench and Bar of Minnesota, Mar. 1966, at 5, provides a valuable overview of the 1955 amendment to the wrongful death statute and explains the relationship between the wrongful death statute and the intestate succession statute. Judge Hatfield's suggestions regarding distribution of jury awards under the wrongful death statute are still timely.

The test of "compensable damage" under the statute is pecuniary loss, which includes the monetary value of the loss of advice, comfort, and protection. *Fussner v. Andert*, 261 Minn. 347, 353, 113 N.W.2d 355, 359 (1961). Whether or not such a loss has been sustained is a question of fact. *Martz*, 284 Minn. at 173, 170 N.W.2d at 87.

*Martz* and subsequent cases indicate that there is no legal impediment to recovery under the wrongful death statute by a decedent minor's siblings. *See, e.g., Johnson v. Washington County*, 518 N.W.2d 594, 601 (Minn.1994) (allowing letter written by decedent's minor sister into evidence because it related to future harm to sister from loss of her brother); *Bond v. Roos*, 358 N.W.2d 654, 657 (Minn.1984) (noting that mother's pecuniary loss was at least as great as that of decedent's sister and father, both of whom recovered damages).

Because we find that Shane Wynkoop is among the class of people entitled to recover damages under the wrongful death statute, we conclude that it was error not to submit his name on the special verdict form considered by the jury. Whether Shane actually sustained a pecuniary loss is a question of fact to be determined based on testimony regarding the loss of advice, counsel, and companionship Shane has experienced because of Ian's death. *See Ferguson v. Orr*,

427 N.W.2d 732, 734 (Minn.App.1988), *review denied* (Minn.Oct.26, 1988).

The wrongful death statute requires the district court to apportion the pecuniary loss of the persons entitled to recovery. Minn.Stat. § 573.02, subd. 1; *Bond v. Roos*, 358 N.W.2d 654, 656 (Minn.1984). Thus, once the jury has determined the damages sustained by Ian's parents and brother Shane, the district court may exercise its discretion and distribute the damages in proportion to the pecuniary loss sustained by the three family members.

### DECISION

The district court erred in excluding Shane Wynkoop's name from the special verdict form. Because this error permeated the award made to Ian's parents, we vacate the judgment of the district court and remand for a new trial on damages sustained by all three members of the Wynkoop family.

**Reversed and remanded.**