Andrew Tyler JONES, Appellant,

v.

Steven C. BORCHARDT, Respondent.

No. A08–0556.

Court of Appeals of Minnesota.

Jan. 6, 2009.

Bradford Colbert, Rashmi Seneviratne, Certified Student Attorney, Legal Assistance to Minnesota Prisoners, St. Paul, MN, for appellant.

Gregory J. Griffiths, Dunlap & Seeger, Rochester, MN, for respondent.

Considered and decided by KALITOWSKI, Presiding Judge; PETERSON, Judge; and HALBROOKS, Judge.

## O P I N I O N

PETERSON, Judge.

In this appeal from summary judgment in a declaratory-judgment action, appellant argues that Minn.Stat. § 641.12 (2008) was incorrectly applied and his constitutional rights to equal protection and due process were violated when Olmsted County was permitted to require appellant to pay room and board for the time that appellant spent in the Olmsted County Jail before and after he was convicted of aggravated robbery. We affirm.

## FACTS

Appellant Andrew Jones was arrested in Olmsted County and charged with three counts of aggravated robbery. The district court set bail at $100,000 or, alternatively, $50,000, with conditions. Appellant could not afford bail and was held in the Olmsted County Jail. After being held for almost eight months, appellant pleaded guilty to all three counts. He was sentenced to an executed 78–month prison term and transferred to a state correctional facility. Olmsted County charged appellant $25 for room and board for each day he spent in the county jail, which amounted to $7,150.

Appellant filed this action, seeking a declaration that he is not required to pay the amount he was charged for the cost of his confinement in the Olmsted County Jail. The parties stipulated to all material facts, and both parties moved for summary judgment. The district court granted summary judgment in favor of respondent. This appeal followed.

## ISSUES

I. Does Minn.Stat. § 641.12, subd. 3(a), permit respondent to require payment from appellant for the costs of confinement that accrued before appellant was convicted?

II. Does Minn.Stat. § 641.12, subd. 3(b), require respondent to consider appellant's financial circumstances before deciding whether to waive payment for the costs of confinement?

III. Were appellant's constitutional rights to equal protection and due process violated when appellant was required to pay room and board for the time that he was confined in the Olmsted County Jail?

## ANALYSIS

### I.

*Costs Accrued Before Conviction*

Olmsted County charged appellant for room and board pursuant to Minn.Stat.

§ 641.12, subd. 3(a), which states, "A county board may require that an offender convicted of a crime and confined in the county jail, workhouse, or correctional or work farm pay the cost of the offender's room, board, clothing, medical, dental, and other correctional services." Appellant contends that the district court erroneously interpreted Minn.Stat. § 641.12, subd. 3(a), to permit respondent to charge appellant for costs of confinement that accrued before appellant was convicted.

Appellant argues that because he was not convicted until seven days before he was transferred to a state prison, for most of the time that he spent in the county jail, he was not "an offender convicted of a crime." Appellant contends that because the phrase "and confined" follows the phrase "convicted of a crime," the statute implies that fees may be assessed only against offenders who were sentenced to the county jail following a conviction, not those who were in the county jail before being convicted. Appellant argues that this interpretation of the statute is further supported by the inclusion of the phrase "workhouse, or correctional or work farm," because those facilities are places to which an offender is sentenced and are not places where a defendant is confined before trial. Finally, appellant argues that by permitting county boards to charge only offenders "convicted of a crime and confined in the county jail," the legislature honored the presumption of innocence that applies before conviction.

Statutory construction is a question of law subject to de novo review. *Wynkoop v. Carpenter,* 574 N.W.2d 422, 425 (Minn. 1998). When a statute is unambiguous, the court must give effect to the statute's plain meaning. *Tuma v. Comm'r of Econ. Sec.,* 386 N.W.2d 702, 706 (Minn.1986). But when a statute is ambiguous, that is, when it is reasonably susceptible to more than one interpretation, the court must determine the probable legislative intent and construe the statute in a manner consistent with that intent. *Wynkoop,* 574 N.W.2d at 425; *Tuma,* 386 N.W.2d at 706. In determining legislative intent, the court may consider the need for the law; the circumstances of its enactment; the purpose of the statute; the prior law, if any; the consequences of an interpretation; the legislative history; and administrative interpretations of the law. Minn.Stat. § 645.16 (2008).

"While statutory construction focuses on the language of the provision at issue, it is sometimes necessary to analyze that provision in the context of surrounding sections." *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 278 (Minn.2000). "Appellate courts are to read and construe a statute as a whole and must interpret each section in light of the surrounding sections to avoid conflicting interpretations. Finally, courts should construe a statute to avoid absurd results and unjust consequences." *Id.* at 277–78 (citations omitted).

■ Minn.Stat. § 641.12, subd. 3(a), is ambiguous because it could be interpreted as limiting a county board's authority to require an offender to pay the costs of confinement to only costs that accrue when an offender is both convicted of a crime and confined or it could be interpreted as authorizing a county board to require an offender who is convicted to pay the costs of confinement that accrue before and after conviction. But reading section 641.12 as a whole and interpreting subdivision 3(a) in light of subdivision 1 persuades us that subdivision 3(a) permits a county board to require a convicted offender to pay the costs of confinement that accrue before and after conviction.

Minn.Stat. § 641.12, subd. 1 (2008), allows a county board to "require that each

person who is booked for confinement at a county or regional jail, and not released upon completion of the booking process, pay a fee of up to $10 to the sheriff's department of the county in which the jail is located." The fee is payable immediately, but "[i]f the person is not charged, is acquitted, or if the charges are dismissed, the sheriff shall return the fee to the person at the last known address listed in the booking records." Minn.Stat. § 641.12, subd. 1. Although the booking process occurs before a person is convicted, under subdivision 1, a booking fee is payable when a person is booked. However, if the person is not convicted of an offense, the booking fee is returned. Under this scheme, only a person who is ultimately convicted is required to pay a booking fee, but the person may be required to pay the fee even though it accrued before the person was convicted.

Like subdivision 1, subdivision 3(a) allows a county board to require only a person who is ultimately convicted of an offense to pay costs of confinement. In the absence of any language that demonstrates a contrary intent, we conclude that subdivision 3(a) should be interpreted consistently with subdivision 1 to permit a county board to require a convicted offender to pay confinement costs that accrued before conviction. In subdivision 1, the legislature expressly conditions the authority to require payment on the fact of conviction, rather than on the time when the cost accrues, and there is no apparent reason why this principle should not also be applied in subdivision 3(a).

We are not persuaded by appellant's argument that including the phrase "workhouse, or correctional or work farm" in the statute supports an interpretation that a county board may only require payment for costs that accrue after an offender is convicted. A well-known canon of statutory construction states that "the expression of one thing indicates the exclusion of another." *Harris v. County of Hennepin,* 679 N.W.2d 728, 731 (Minn.2004). The legislature presumably understood that, if it did not include workhouses and correctional or work farms in the list of facilities for which payment could be required, the statute would be interpreted as not permitting payments for time spent in those facilities after conviction. Consequently, the fact that those facilities are included in the statute does not imply that only payments for costs that accrue after conviction may be required.

Nor are we persuaded by appellant's argument that by permitting county boards to require payment only from offenders "convicted of a crime and confined in the county jail," the legislature intended to honor the presumption of innocence that applies before conviction. Under subdivision 3(a), a county board may require payment only from an offender who has been convicted. The presumption of innocence is not diminished by a payment requirement that expressly applies only after an offender has been convicted.

## II.

■ Appellant argues that respondent's failure to consider appellant's financial situation before imposing confinement costs is an abuse of discretion that requires reversal. The statute provides:

The chief executive officer of the local correctional agency or sheriff may waive payment of the costs under this subdivision if the officer or sheriff determines that the offender does not have the ability to pay the costs, payment of the costs would create undue hardship for the offender or the offender's immediate family, the prospects for payment are poor,

or there are extenuating circumstances justifying waiver of the costs.

Minn.Stat. § 641.12, subd. 3(b) (2008).

Use of the word "may" indicates that respondent is permitted to waive payment but is not required to do so. *See* Minn. Stat. § 645.44, subd. 15 (2008) (" 'May' is permissive."). The district court determined: "The Sheriff has, under this statute, discretion to waive or not waive the room and board cost. He has chosen not to waive the costs, and that choice is within his discretion." Appellant does not dispute that waiver is permissive but argues that "the statute clearly requires the Sheriff to at least consider the defendant's financial circumstances in determining whether to impose the fees" and that respondent failed to do so.

But the stipulated facts do not address whether respondent considered appellant's financial circumstances before deciding not to waive payment, and appellant has not cited any evidence that indicates that respondent failed to consider appellant's financial circumstances or even that respondent was presented with any information about appellant's financial circumstances. The record before us provides no basis for us to conclude that respondent did not consider appellant's financial circumstances.

### III.

*Equal Protection*

 "Evaluating a statute's constitutionality is a question of law." *Hamilton v. Comm'r of Pub. Safety*, 600 N.W.2d 720, 722 (Minn.1999). Accordingly, our review is de novo, and we are not bound by the district court's decision. *Id.* "Minnesota statutes are presumed constitutional, and our power to declare a statute unconstitutional should be exercised with extreme caution and only when absolutely neces-

sary." *In re Haggerty*, 448 N.W.2d 363, 364 (Minn.1989). "[T]o challenge successfully the constitutional validity of a statute, the challenger bears the very heavy burden of demonstrating beyond a reasonable doubt that the statute is unconstitutional." *State v. Merrill*, 450 N.W.2d 318, 321 (Minn.1990).

 "The equal protection clauses of the federal and state constitutions require that all persons similarly situated be treated alike under the law." *In re Harhut*, 385 N.W.2d 305, 310 (Minn.1986). A person challenging a statute on equal-protection grounds must demonstrate that the statute classifies individuals on the basis of some suspect trait either on its face or in practice. *State v. Frazier*, 649 N.W.2d 828, 833–34 (Minn.2002).

 Appellant argues that Minn.Stat. § 641.12, subd. 3(a), violates his right to equal protection because it allows the county to charge him—an indigent inmate—for the costs of his confinement and, therefore, treats him differently than non-indigent inmates who are not charged for their confinement because they are able to make bail and are not confined before trial. But on its face, Minn.Stat. § 641.12, subd. 3(a), does not classify individuals on the basis of indigence; the statute allows a county board to require any convicted offender who has been confined in the county jail to pay the costs of the offender's confinement. Although appellant argues that, in practice, the statute produces different treatment for indigent and non-indigent offenders, he has provided no evidence that the statute has a disparate impact on the indigent. Appellant simply assumes that only indigent offenders are unable to make bail. But "the purpose of bail is to ensure an accused's appearance and submission to the court's judgment." *State v. Brooks*, 604 N.W.2d 345, 349 (Minn.2000). This purpose ap-

plies to both indigent and non-indigent offenders, and we have no basis to conclude that only the indigent are unable to make bail in Olmsted County. Consequently, appellant has not established that the statute classifies individuals on the basis of indigence.

*Due Process*

Appellant argues that respondent violated his "constitutional right to due process by charging him for the [costs of his confinement] simply because, through no fault of his own, he did not have the resources to make bail." Appellant contends that the fees that he was charged "were unreasonable not because they were too high, but because the fees were only charged because [he] was indigent and unable to make bail."

The due-process clauses of the United States and Minnesota Constitutions prohibit the state from depriving any person of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; Minn. Const. art. I, § 7. "[S]ubstantive due process [1] protects individuals from certain arbitrary, wrongful government actions regardless of the fairness of the procedures used to implement them." *In re Linehan*, 594 N.W.2d 867, 872 (Minn. 1999) (quotations and citations omitted).

In analyzing a substantive-due-process claim, we first consider whether appellant possessed a right arising under the Fourteenth Amendment and then determine whether respondent's conduct deprived appellant of that right within the meaning of the Due Process Clause. *Ganley v. Minneapolis Park & Recreation Bd.*, 491 F.3d 743, 749 (8th Cir.2007). "To meet this burden, [appellant] must demonstrate that the government action complained of is truly irrational, that is something more than arbitrary, capricious, or in violation of state law." *Id.* (quotations omitted).

Appellant does not identify any right that he possessed under the Fourteenth Amendment, and he does not explain how respondent's action deprived him of any right. The stipulated facts indicate only that respondent billed appellant for the costs of confinement in accordance with the Olmsted County policy enacted under Minn.Stat. § 641.12, subd. 3(a). Appellant does not explain how respondent's action is irrational, arbitrary, capricious, or in violation of state law. Although it is undisputed that appellant is indigent and was unable to make bail and that if he had made bail, respondent would have had no basis to charge him any fees, it does not follow that respondent only charged appellant because he was indigent and unable to make bail. The stipulated facts do not even indicate that respondent knew anything about appellant's financial status. There is no evidence that respondent did anything other than implement the county policy. Appellant did not meet his burden of proof on his due-process claim.

**DECISION**

The district court correctly interpreted Minn.Stat. § 641.12, subd. 3(a), to permit respondent to require payment from appellant for confinement costs that accrued before appellant was convicted. Appellant

---

1. Appellant relies entirely on a substantive-due-process argument—that there was something fundamentally unfair about being charged for his confinement—and not a procedural-due-process argument. He does not argue that there was anything improper about the procedures used to charge him for the costs of confinement. *See Brooks v. Comm'r of Pub. Safety*, 584 N.W.2d 15, 19 (Minn.App. 1998) (applying a three-part test for the sufficiency of procedures under the Due Process Clause), *review denied* (Minn. Nov. 24, 1998).

failed to meet his burden of proving that respondent failed to consider appellant's financial circumstances when deciding whether to waive payment under the Olmsted County policy or that his rights to equal protection and due process were violated.

**Affirmed.**