**Andrew Tyler JONES, Appellant,**

v.

**Steven C. BORCHARDT, Respondent.**

No. A08–556.

Supreme Court of Minnesota.

Dec. 3, 2009.

Bradford Colbert, Legal Assistance to Minnesota Prisoners, St. Paul, MN, for appellant.

Gregory J. Griffiths, Hilary R. Stonelake, Dunlap & Seeger, P.A., Rochester, MN, for respondent.

## OPINION

MEYER, Justice.

Appellant Andrew Tyler Jones was unable to post bail and spent 286 days in the Olmsted County jail awaiting resolution of the charges against him and sentencing. Under Minn.Stat. § 641.12, subd. 3(a) (2008), the county required Jones to pay for his preconviction confinement costs. Jones brought suit challenging the county's decision to require him to pay preconviction confinement costs. The district court granted the county's motion for summary judgment, and the court of appeals affirmed. We reverse.

On March 31, 2004, Jones was arrested and charged in Olmsted County with three counts of aggravated robbery. Jones was held in the Olmsted County jail, awaiting resolution of the charges against him and sentencing. Jones was not able to post bail because he was indigent. On November 22, 2004, Jones pleaded guilty to all charges. On January 3, 2005, the district court sentenced him to 78 months in prison. On January 10, 2005, the Department of Corrections transferred Jones from the jail to a correctional facility in St. Cloud. Overall, Jones spent 286 days in the Olmsted County jail. Under Minn.Stat. § 641.12, subd. 3(a), the county sent a bill to Jones seeking payment of $25 for each day he was confined, totaling $7,150. In August 2005, Jones received a final collection notice from the Olmsted County Sheriff's finance office. Still indigent and now imprisoned, he could not afford to pay the bill.

Jones brought suit and alleged that the county erroneously required him to pay for preconviction confinement costs under Minn.Stat. § 641.12, subd. 3(a).[1] Minnesota Statutes § 641.12, subd. 3(a), states that "[a] county board may require that an offender convicted of a crime and confined in the county jail, workhouse, or correctional or work farm pay the cost of the offender's room, board, clothing, medical, dental, and other correctional services."

Both parties moved for summary judgment with both parties seeking an interpretation of the statute. The district court granted summary judgment in favor of the county, applying the statute to Jones's preconviction confinement and upholding the statute's constitutionality.

The court of appeals affirmed. *Jones v. Borchardt,* 759 N.W.2d 50, 57 (Minn.App. 2009). First, the court held that subdivision 3(a) is ambiguous but that, when read in the context of surrounding subdivisions, it allowed the county to require Jones to pay for his preconviction confinement costs. *Id.* at 54. Second, the court held that subdivision 3(b) permitted but did not require the county to consider Jones's indigence in determining whether to waive payment. *Id.* at 55. Last, the court concluded that the statute's application to Jones violated neither equal protection nor due process rights. *Id.* at 56.

■ Statutory construction is a question of law that courts review de novo. *D.M.S. v. Barber,* 645 N.W.2d 383, 386 (Minn. 2002). The object of all statutory interpretation is to ascertain and effectuate legislative intent. Minn.Stat. § 645.16 (2008). When interpreting a statute, a court construes words and phrases according to the rules of grammar and their common and approved usage. Minn.Stat. § 645.08(1)

---

1. Jones further asserted that the county failed to consider his indigence and improperly declined to waive payment of his confinement costs under subdivision 3(b) of the statute. He also argued that the county's application of the statute violated his equal protection and due process rights. Because we grant relief to Jones on other grounds, it is not necessary to reach either of these issues and, therefore, we decline to do so.

(2008). If a law's words are clear and unambiguous, a court cannot disregard its meaning under the pretext of following the spirit of the law. Minn.Stat. § 645.16.

■ In their arguments to this court, Jones and the county focus on the meaning of the phrase "offender convicted of a crime and confined in the county jail" found in the first part of Minn.Stat. § 641.12, subd. 3(a). They each contend that this phrase determines the period of confinement for which counties may require persons to pay related costs, but argue different interpretations. Jones argues the phrase conveys that a county may only require payment from persons convicted of a crime *and then* confined in a county jail. Under Jones's interpretation, subdivision 3(a) permits requiring persons to pay only for the costs of confinement resulting from conviction, limiting the statute's reach to postconviction costs. The county asserts the phrase simply requires that persons meet two conditions—conviction and confinement—before a county may require payment of them. According to the county, the subdivision permits counties to require payment for postconviction and, retroactively, preconviction confinement costs.

We do not agree that the phrase "convicted of a crime and confined in the county jail" defines the period of confinement for which counties may require persons to pay their confinement costs. Instead, we believe the operative language appears in the second part of subdivision 3(a), which addresses *for what* counties may require payment. The second part of subdivision 3(a) states that counties may require payment for "the cost of the *offender's* room, board, clothing, medical, dental, and other correctional services." Minn.Stat. § 641.12, subd. 3(a) (emphasis added). Because *offender's* modifies the expenses listed, the statute permits a county to require payment only for an *offender's* expenses. Stated differently, the statute does not authorize counties to require payment for a *nonoffender's* expenses.

An "offender" is "[a] person who has committed a crime." *Black's Law Dictionary* 1110 (9th ed. 2009). The state deems a person to have committed a crime upon conviction. Under Minnesota law, "conviction" occurs when the court accepts and records a guilty plea. *See* Minn.Stat. § 609.02, subd. 5(1) (2008). Upon his conviction, and not before, Jones became an "offender" under Minn.Stat. § 641.12, subd. 3(a). Jones's preconviction confinement costs were not an "offender's" expenses because Jones was a nonoffender when he incurred them. The phrasing and words of the subdivision are unambiguous; we cannot disregard them to search for alternative legislative intent.[2]

■ We hold that a county may require persons to pay the costs of their confinement under Minn.Stat. § 641.12, subd. 3(a), but only the costs of confinement incurred after conviction. Because the county required Jones to pay for costs incurred before conviction, the county erred in its application of subdivision 3(a).

Reversed and remanded to the district court for further proceedings consistent with this opinion.

DIETZEN, Justice (concurring).

I agree with the result reached by the majority in this case. But I disagree with its underlying analysis, particularly its

---

**2.** The legislature could have expressly stated that counties may bill for preconviction confinement costs. It did not. Furthermore, the legislature could have substituted the word "person" for the word "offender" in subdivision 3(a) as it did in subdivision 1, altering the expenses for which counties may charge. It did not.

conclusion that the applicable language of the statute is unambiguous.

The applicable language of Minn.Stat. § 641.12 is set forth in the first portion of subdivision 3(a), which provides:

A county board may require that an offender convicted of a crime and confined in the county jail, workhouse, or correctional or work farm pay the cost of the offender's room, board, clothing, medical, dental, and other correctional services.

The majority concludes that subdivision 3(a) unambiguously provides that a county may not require persons to pay for the costs of confinement incurred before conviction. It reasons that the word "offender" means a person convicted of a crime, that Jones was a "nonoffender" until he was convicted, and therefore that the county may not require payment for preconviction confinement costs under subdivision 3(a). I agree with the majority that an "offender" is "[a] person who has committed a crime." *Black's Law Dictionary* 1185 (9th ed. 2009). But the majority also concludes that "[t]he state deems a person to have committed a crime upon conviction" and that under Minnesota law, a " 'conviction' occurs when the court accepts and records a guilty plea." I disagree with the majority's conclusion that a person is not an "offender" until that person is convicted of a crime.

In my view, subdivision 3(a) is ambiguous in two ways. First, the word "offender" might mean a person convicted of a crime, or "offender" might mean a person who has been charged with a crime, but not yet convicted. The first sentence of subdivision 3(a) provides that the county may require an "offender convicted of a crime and confined in the county jail" to pay the cost of confinement. Under the majority's interpretation, the word "offender" is redundant. Specifically, the majority reads "offender" as a person who is convicted of a crime. By doing so it renders the words "convicted of a crime" superfluous. It is presumed that all statutory language has a purpose. *Urban v. Am. Legion Dep't of Minn.,* 723 N.W.2d 1, 5 (Minn.2006) ("We must presume that every statute has a purpose and that no statutory language should be deemed superfluous or insignificant."); *Am. Family Ins. Group v. Schroedl,* 616 N.W.2d 273, 277 (Minn.2000) ("A statute should be interpreted, whenever possible, to give effect to all its provisions; no word, phrase, or sentence should be deemed superfluous, void, or insignificant.") (internal quotation marks and citation omitted).

But it is also reasonable to conclude that "offender" means a person who is charged with a crime, but has not yet been convicted of that crime. Under this interpretation, the words "convicted of a crime" modify the word "offender," and limit the meaning of "offender." Thus, the words "convicted of a crime" are not rendered superfluous.

Second, subdivision 3(a) does not explicitly state whether the county may require payment for the costs of confinement beginning on the date of confinement or the date of conviction. The meaning of the phrase "offender convicted of a crime and confined in the county jail" is pivotal in answering the question. In my view, this phrase is susceptible of two different interpretations, and therefore is ambiguous. First, the words "offender convicted of a crime and confined in the county jail" could mean that the two conditions must exist before the offender's obligation to pay is triggered, thus limiting the time period for which the county may require payment of confinement costs. The majority adopts this "time limitation" interpretation. But this interpretation renders the words "convicted of a crime" superfluous.

Put differently, this interpretation does not answer the question of whether the county may require payment for the confinement costs of an "offender" charged with a crime, but not yet convicted of that crime.

Alternatively, we could read the phrase "offender convicted of a crime and confined in the county jail" as not placing any time limitation upon the county's ability to require payment from the "offender" for the costs of confinement. Under this interpretation, a county may require the "offender" to pay for preconviction confinement costs. Other language of subdivision 3(a) supports this interpretation. Specifically, the third sentence states: "During the period of confinement, the costs may be deducted from any money possessed by the offender...." Minn.Stat. § 641.12, subd. 3(a). This language covers the period of confinement without limitation and therefore includes preconviction confinement.

Based upon my analysis of the entire statute, however, I conclude that the "time limitation" interpretation is the most reasonable and consistent with legislative intent. Simply stated, the statute does not explicitly provide that the county may require payment for the preconviction time period; yet, it could have easily done so. Under principles of lenity, when we have competing interpretations of a statute, we apply the more narrow interpretation. *State v. Stevenson,* 656 N.W.2d 235, 238–39 (Minn.2003). Here, the more narrow interpretation is the "time limitation" interpretation. In applying this interpretation, the words "convicted of a crime" are rendered superfluous, but these words do not contradict the "time limitation" interpretation of the statute. Further, it is not reasonable to confer a right to the county to require persons to pay preconviction costs when the legislature has not explicitly provided for it.